By the Court.
Section 14 of tbe act regulating tbe mode of administering assignments in trust for tbe benefit of creditors (1 S. & C. 712), authorizes tbe probate judge to remove tbe assignee for good cause, and to appoint another in bis stead, and to make and enforce all orders necessary to cause tbe property and effects belonging to tbe trust estate to be delivered to tbe newly appointed trustee. Section 1 of tbe same act requires tbe trustee to whom tbe debtor’s property was assigned to enter into an undertaking payable to tbe state, in sucb sum and with sucb sureties as shall be approved by tbe probate judge, conditioned for tbe faithful performance, by said trustee, of bis duties according to law, and authorizes an action to be brought on said undertaking against tbe assignee *460 and his sureties, by any person injured by the misconduct, or neglect of duty, of the assignee in regard to said trust. The failure of Ross, the assignee, to pay over to his successor the amount of the trust estate, found to be in his hands, and which the probate judge, on his removal, ordered him to pay over, was a clear neglect of duty, for which he and his sureties were liable on his bond, and liable, we think, to the plaintiff. The plaintiff was the representative of all persons entitled to the fund to be distributed, and, within the meaning of the statute, was a person injured by the failure of Ross to pay over the fund in his hands, belonging to the trust estate.
Judgment of the district court and of the court of common fleas reversed, and cause remamded to the common goleas for fu/rther froceedmgs.